# Seals v. Carroll *et al.*

*Action of Trespass against Sheriff for Wrongful Levy of Execution.*

1. *Estoppel; when not shown by statement made to officer levying execution.*—A declaration or act retracted before it is acted upon does not raise estoppel; and the fact that a defendant in a certain execution stated to the sheriff about to levy the writ that he had no property upon which he could make the levy, does not estop such defendant from asserting his ownership to property which was levied upon under an execution issued on a judgment against his wife, both he and his wife telling the sheriff at the time of the levy that the property levied upon did not belong to the wife but to him; and in an action of trespass by such person against the sheriff for said wrongful levy under the second execution, the sheriff can not avail himself of the former declaration made by the plaintiff, disclaiming ownership of property, as constituting an estoppel in the action of trespass to the assertion of title to the property levied on.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. W. FOSTER.

This was an action brought by the appellant, John M.

[Seals v. Carroll *et al.*]

Seals, against the appellees, M. W. Carroll, sheriff and his bondsmen, for levying upon and selling plaintiff's property under an execution issued in favor of Magovern & Co. against L. J. Seals, wife of the plaintiff. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the defendant, gave among others, the following written charge: "If the jury is reasonably satisfied from the evidence that J. M. Seals told Fate Carroll at the store, on the morning of the day that the levy was made, that the property there was not his, or that he had no property, and that Carroll acting upon what Seals had told him instructed Ike Parks to go and make a levy on the goods under this execution against L. J. Seals, then the jury should find for the defendant in this case, although the sugar may have been the property of J. M. Seals." There were charges asked by the plaintiff which were refused by the court, and also other charges which were given at the request of the defendants. To each of these rulings the plaintiff separately excepted; but it is unnecessary to set out these charges in detail.

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the giving of the charges requested by the defendants, and the refusal to give the charges asked by the plaintiff.

HUBBARD, WILKERSON & HUBBARD, for appellant.

PARKS & HARMON, *contra.*—The facts of the case show that plaintiff was estopped from asserting title to the property levied upon.—*Hendricks v. Kelly*, 64 Ala. 388; *Powers v. Harris*, 68 Ala. 409; *Prickett v. Sibert*, 75 Ala. 315.

HEAD, J.—The material facts that the evidence, if believed, duly established, are that the sheriff of Pike county, by his chief deputy, presented to the plaintiff, John M. Seals, at his store in Troy, an execution issued against him in favor of Hall & Farley, and asked for payment or for property upon which to levy. The plaintiff replied in substance that he had no money wherewith to pay, and that he had nothing there or elsewhere on which to give him a levy.

[Seals v. Carroll *et al.*]

The deputy went back to the sheriff's office, procured another execution then in the sheriff's hands in favor of Magovern & Co. against L. J. Seals, the plaintiff's wife, for a small amount and gave it to one Parks, another duly authorized deputy, with instructions to go down to the store and levy it. During the morning and after the foregoing conversation between the plaintiff and the chief deputy, said Parks went to the plaintiff's store and levied the execution, running against L. J. Seals, upon two barrels of sugar, belonging to the plaintiff, which had a short time before been received, marked with his name. Before Parks levied the writ on the barrels of sugar, the plaintiff told him that they were not the property of L. J. Seals but were his own, and that he, Parks, had better mind what he was doing. At the same time the wife informed the officer that the property levied on was not hers. Notwithstanding said notice and warning, the sheriff, by said deputy, seized the property, and sold it under the execution against L. J. Seals, the wife. The sheriff and the bondsmen, who are sued in this action for the wrongful taking of the property, defend upon the ground that the plaintiff had, by his statement and disclaimer of ownership of the store, theretofore made to the chief deputy, estopped himself to assert the property levied upon belonging to him.

Without intimating an opinion that the declaration of plaintiff, to the deputy who went to levy the execution of Hall & Farley, to the effect that he had no property &c., constituted an estoppel upon plaintiff to assert his title against the sheriff, in an action of trespass brought by the plaintiff against the sheriff for a subsequent seizure and sale of chattels under an execution in favor of another person, we hold that, under the undisputed evidence, the sheriff cannot avail himself of the declaration, as an estoppel, for the reason that before he made the levy he was fully informed, notified and warned by the plaintiff, before the levy was made, that the two barrels of sugar proposed to be levied upon were not the property of the defendant in execution, who was Mrs. Seals—the wife of plaintiff—but were his own. Mrs. Seals also gave him the same notice, and, on the next day after the levy, before any disposition had been made of the sugar, plaintiff's attorney, acting as such, notified him to release the levy, and that suit would be brought

[Seals v. Carroll *et al.*]

against him if he did not. The sheriff declined to make the release, and afterwards sold the property under the execution against Mrs. Seals.

The doctrine of equitable estoppel rests upon the moral ground that it would be unjust to permit one person by his acts or declarations to knowingly cause another to take certain action, and then complain of the action he had fairly induced. The rule has no application when the party against whom an estoppel is pleaded, not only did not cause the act to be performed, but objected to it and warned against its consequences. "A declaration or act retracted before it is acted upon does not raise an estoppel."—2 Herman on Estoppel, § 788.

It would be inequitable to preclude a party from proving that property seized for another's debt was his, who at the time of and before the seizure was asserting his ownership and doing all in his power to prevent the officer from making the levy. The statements of the plaintiff to the chief deputy were receivable in evidence against him as admissible against interest, but they did not rise to the dignity of an estoppel, precluding all proof to the contrary.

These principles were not observed by the circuit court upon the trial. For instance, charge numbered 2 given for the defendant asserts, in effect, that the declarations of the plaintiff to the chief deputy would estop him from claiming ownership of the property against the defendant, and also excludes from consideration the undisputed evidence which shows the sheriff's deputy was informed and warned by the plaintiff of his ownership before the levy was made. We need not give special consideration to the other charges. What we have said will enable the court to correctly declare the law upon another trial. Let the judgment be reversed and the cause remanded.

Reversed and remanded.